IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JESSIE HILL**                                                                                   **PETITIONER**
**ADC # 104136**

**VS.**                                       **5:07CV00058 WRW**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                              **RESPONDENT**

## ORDER

Pending are Petitioner's Motion for a Certificate of Appealability, Motion to Appoint Counsel, and Motion for Discovery and for a Trial Transcript.[1]

Petitioner appeals from an Order and Judgment[2] dismissing his 28 U.S.C. § 2254 claim without prejudice because it was a successive habeas petition[3] filed without approval from the Circuit Court of Appeals.

Under 28 U.S.C. § 1291, appellate courts have jurisdiction over final orders. There is no final order for purposes of appellate review where the complaint, but not the action, is dismissed.[4] This petition was dismissed without prejudice "pending an order from the Eighth Circuit Court of Appeals containing an authorization for filing,"[5] and Petitioner was told how

---

[1] Doc Nos. 42, 43, 47.

[2] Doc. Nos. 36, 37 (adopting the Findings and Recommendations of the Magistrate).

[3] See *Hill v. Norris*, No. 5:97CV00384-WRW (E. D. Ark. filed August 18, 1997), Doc. No. 19 (Judgment Dismissing Petition of Habeas Corpus, December 10, 1997).

[4] *Local 179, United Textile Workers of America, AFL-CIO v. Federal Paper Stock Co.*, 461 F.2d 849, 850 (8th Cir. 1972) (citing *People of the United States ex rel. Kelly v. Bibb*, 255 F.2d 772 (7th Cir. 1958) and *McAfee v. Gray*, 201 F.2d 109 (9th Cir. 1953)).

[5] Doc. No. 26, Findings and Recommendations, p. 3.

to apply for authorization.[6] In view of this, the dismissal was not intended to be a final order, barring Petitioner from amending his petition to include the proper authorization.

There is no a constitutional nor statutory right to a lawyer in a habeas proceedings -- the appointment of a lawyer is at the trial judge's discretion.[7] Since Petitioner has not yet received approval to file for habeas relief, the request for an attorney is premature.

Petitioner's right to discovery is also up to the trial court's discretion, and is granted only after Petitioner shows she made a sufficient investigation during the state court proceedings.[8] It is too soon to consider if Petitioner has a right to discovery or the production of a trial transcript.

Because this is not an appeal from a final order, the Motion for a Certificate of Appealability (Doc. No. 42) is DENIED. Petitioner's Motion to Appoint Counsel (Doc. No. 43) and Motion for Discovery and For Trial Transcript (Doc. No. 47) are DENIED because they are premature. Petitioner is directed to ask the Eighth Circuit Court of Appeals for approval to file a habeas corpus petition for a second time.

IT IS SO ORDERED this 3rd day of August 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] *Local 179*, 461 F.2d at 850.

[7] *Morris v. Dormire*, 217 F.3d 556 (8th Cir. 2000).

[8] *Moore-el v. Luebbers*, 446 F.3d 890 (8th Cir. 2006).